ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN 25 PM 3: 39

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HENRY ERIC JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 311-039 |
| | ) |
| JOSE MORALES, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 23). The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because Plaintiff had brought at least three cases or appeals that were dismissed for being frivolous or for failing to state a claim upon which relief may be granted. In addition, the Magistrate Judge found that Plaintiff did not qualify for the "imminent danger exception" to § 1915(g). (See doc. no. 21.)

In his objections, Plaintiff does not dispute that he is subject to the three strikes provision of § 1915(g). However, he contends that he qualifies for the imminent danger exception, in support of which he alleges that he suffers from various medical conditions for which prison officials have provided inadequate treatment. (See doc. no. 23.) Notably, the majority of the allegations in Plaintiff's objections concern incidents that occurred after

Plaintiff filed his complaint near the beginning of May of 2011, such as prison officials' purported failure to dispense his medications in June and July of 2011. (See id. at 8-10.) These allegations are immaterial to the imminent danger inquiry, which is limited to determining whether Plaintiff was in imminent danger of serious physical harm at the time he filed suit. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's remaining allegations are reassertions of facts that the Magistrate Judge properly found did not satisfy the standard for showing imminent danger. (See doc. no. 21, pp. 7-10.)

In sum, Plaintiff's objections provide no basis for departing from the conclusions in the R&R. As a result, his objections are **OVERRULED**. Accordingly, the R&R is **ADOPTED** as the opinion of the Court. Therefore, this action is **DISMISSED** without prejudice, and Plaintiff's "Motion to Order Defendants Provide Specialist Medical Treatments . . ." (doc. no. 12) and "Motion for Default Judgment" (doc. no. 13) are **DENIED AS MOOT**. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 25th day of January, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE